THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHN EBENER, Defendant-Appellee.

Third District    No. 3—87—0060

Opinion filed September 25, 1987.

Gary L. Peterlin, State's Attorney, of Ottawa (William L. Browers, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Patrick A. Barry and Thomas L. McClintock, both of Aplington, Kaufman, McClintock, Steele & Barry, of La Salle, for appellee.

JUSTICE LUND delivered the opinion of the court:

Defendant was charged with unlawful possession of less than 30 grams of a substance containing cocaine in violation of section 402(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1985, ch. 56½, par. 1402(b)). Prior to trial, defendant filed a motion *in limine* asking the court to prohibit the State from introducing the results of scientific tests conducted on the confiscated substance at trial. The circuit court of La Salle County granted defendant's motion. The State filed a certificate of impairment and appeals the order granting the motion *in limine*. We affirm.

On October 1, 1985, a search warrant was issued for the person of the defendant, John Ebener, and his business premises, commanding officers to seize any white powdery substance containing cocaine, and

related paraphernalia. The warrant was executed, resulting in a seizure from the business premises of several items allegedly containing a white powdery residue. The amount of the chemical substance was very small. The defendant was charged on October 2, 1985, with the offense of possession of less than 30 grams of a substance containing cocaine. Ill. Rev. Stat. 1985, ch. 56½, par. 1402(b).

The defendant first appeared in court on October 11, 1985. At that time, his attorney filed a "Motion to Preserve and Permit Inspection of Certain Evidence." Defendant specifically sought preservation of the substance allegedly containing cocaine and the right to examine and independently test the substance. The State made no objection to the motion, and the motion was granted.

On December 16, 1985, the State tendered to the defendant, as discovery, a one-page report dated November 18, 1985, by Dr. James Coglianese, the forensic scientist employed by the State. That report was not made a part of the record, but an affidavit of the assistant State's Attorney stating the disclosure to the defendant was filed with the court.

On January 8, 1986, the defendant filed motions for further discovery seeking, *inter alia*, detailed information about the machinery used and tests performed, as well as requesting the weight of any substance before and after testing, and the weight of any remaining substance available for testing by defendant. The defendant also requested a court order directing production of the substance. These motions were never called for hearing. In response, the State tendered to the defendant in January 1986 the laboratory evidence receipt, laboratory worksheet, and information concerning the tests performed and the laboratory equipment used. The notation "[s]ubstance seized was not weighed" accompanied the information. In May 1986, the State tendered to the defendant a one-page report from the Bureau of Forensic Sciences of the Department of State Police dated April 16, 1986.

Defendant alleges that in January 1986 he was told by the assistant State's Attorney that the substance had been destroyed in testing.

Trial was eventually scheduled for February 1987. On January 12, 1987, defendant again requested production of any of the seized substance remaining in order to conduct his own independent analysis. The State answered that no substance remained; all of the substance had been consumed by the testing. On January 27, 1987, the defendant filed his motion *in limine* which asked for an order preventing the State from using the results of the scientific tests at trial. The

motion specifically alleged that the destruction of the substance violated the court's prior protective order. At a hearing on January 29, 1987, the trial court granted defendant's motion *in limine.* The court based its ruling on the following facts: (1) an order to preserve and permit inspection of the substance was entered on October 11, 1985; (2) the first set of tests was run in November 1985; (3) the State made an oral representation to defendant in January 1986 that there was no substance available to test, and the defendant relied on the statements; (4) the State ran a second set of tests in November 1986; and (5) the State acknowledged in open court on January 12, 1987, that all of the substance had been consumed in the testing. The court found the State was negligent in failing to preserve any of the substance, or if preservation was impossible, in failing to notify defendant so that he could be represented at the testing. The negligence of the State warranted the sanction of denying admission of the evidence at trial.

Without the use of the test results, the evidence against defendant is insufficient and the case must be dismissed. The State filed a certificate of impairment to this effect along with its notice of appeal.

The State raises two allegations of error on appeal: (1) a mutual mistake of fact exists in the record, and the cause should be remanded for a new hearing on the correct facts; and (2) regardless of the factual error, the court erred in granting the motion *in limine* without allowing the State to make a showing that it was necessary to consume all of the confiscated substance in the scientific testing.

The State has included, as an appendix to its brief, copies of the laboratory reports given to defendant in discovery. These documents are included to substantiate the argument that the court made its ruling based on mistaken facts. These documents were not made part of the record, but rather the record shows the affidavits of the assistant State's Attorney on file stating the documents were disclosed to defendant. Defendant has filed a motion objecting to the inclusion of these documents, arguing they are outside the record and should be stricken. We ordered the motion taken with the case. In view of our holding below, we need not strike the documents.

■ The State first argues the factual basis for the court's holding was erroneous and the cause should be remanded for a new hearing on the correct facts. The facts claimed to be in error are the dates of the testing. Certain of the tests were apparently conducted prior to entry of the protective order dated October 11, 1985. These tests were then written up in a report dated November 18, 1985. The remaining tests were conducted in April 1986, not November 1986. The State argues

the trial court's holding would have been different if it were known that certain tests were completed prior to entry of the protective order. The State suggests the trial court would allow into evidence the results of the tests conducted prior to October 11, 1985.

The sanction imposed by the court was for the State's failure to provide defendant access to the testing process. It matters not when the first set of tests took place, as long as there was substance available at the time of the protective order. The factual errors do not change the gravity of the State's failure. Tests were conducted after the entry of the protective order. Even if we accept the fact the second set of tests was conducted in April 1986 and not November 1986, these tests were still conducted several months after defendant was told nothing remained. The fact changes are not such as to change the reason for the sanction. The failure to police the protective order when substance was available was the reason for the sanction. The sanction was proper under either set of facts.

■ The State's second argument focuses on the legal basis for the trial court's ruling. Based on *People v. Taylor* (1977), 54 Ill. App. 3d 454, 369 N.E.2d 573, and *People v. Dodsworth* (1978), 60 Ill. App. 3d 207, 376 N.E.2d 449, the trial court found the State's negligence warranted the sanction imposed. The State argues the trial court misapplied these cases to the instant facts. More specifically, the State believes the trial court should also have made a finding that the tests were unnecessary before holding the results could not be used against defendant at trial. In both *Taylor* and *Dodsworth*, the evidence was tested prior to the entry of a protective order. None of the substance was preserved following the tests. The State points to language in *Taylor* which suggests that upon the filing of a motion to preserve the substance, the State must be able to produce a sample of the substance for defendant to test, or be prepared to make a showing that the destruction of all of the substance was necessary. (*People v. Taylor* (1977), 54 Ill. App. 3d 454, 458, 369 N.E.2d 573, 576.) We distinguish these cases on the fact that the protective order in the present case was entered at defendant's first appearance and before all the testing was completed. Our situation is different than that of the defendants in *Taylor* and *Dodsworth*, who were confronted with the fact that they could not ever test the substances seized from them. In the instant case, the State was aware of the protective order a full six months before the second set of tests was performed in April 1986.

■ The fact that the amount of the substance was very small does not protect the State. Having performed the first set of tests in October, the State was aware that it might not be able to save any of

the substance for the defendant to test independently. Prior to commencing the second series of tests, the State should have allowed for the possibility that defendant might want a representative present.

The holdings in *Taylor* and *Dodsworth* demand that the State take precautions to protect the rights of defendants to make an independent analysis of substances seized from them. This is especially true when a protective order has been entered prior to the completion of all the laboratory testing. In the instant case, the trial court's determination that the State did not adequately protect defendant's interest was correct.

The order of the circuit court of La Salle County is affirmed.

Affirmed.

SPITZ, P.J., and GREEN, J., concur.