THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DANIEL A. RUBINO, Defendant-Appellee.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. EDITH A. WILLIAMS, Defendant-Appellee.

Second District    Nos. 2—98—0773, 2—98—0775 cons.

Opinion filed May 19, 1999.

Gary W. Pack, State's Attorney, of Woodstock (David B. Franks, Assistant State's Attorney, and John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Edward J. Donahue, of Barts, Donahue & Tegeler, P.C., of McHenry, for appellee Daniel A. Rubino.

Ernest R. Blomquist III and Charles E. McMahan, both of Massucci, Blomquist, Brown & Sherwell, of Arlington Heights, for appellee Edith A. Williams.

JUSTICE RAPP delivered the opinion of the court:

The State appeals from the McHenry County circuit court's orders excluding from two cases the testimony of two expert witnesses and the laboratory report the experts prepared (collectively, the evidence). In these consolidated appeals, the State argues that the trial judge abused his discretion when he denied the State's motion to supplement discovery with the newly found evidence. The trial court excluded the evidence as a sanction under Supreme Court Rule 415(g)(i) (134 Ill. 2d R. 415(g)(i)) for the State's inadvertent failure to comply with a discovery order. Although we do not condone the State's unnecessary one-year delay in disclosing the evidence, we reverse the trial court's exclusion of the evidence for the reasons that follow.

We set forth only the facts necessary to resolve the issues on appeal. The defendants, Daniel A. Rubino and Edith A. Williams, were each charged by indictment with unlawful possession of cannabis sativa plants (720 ILCS 550/8(b) (West 1996)) and unlawful possession of cannabis (720 ILCS 550/4(d) (West 1996)). Shortly after their March 27, 1997, arrest, defendants were released on bond.

On May 22, 1997, the trial court ordered reciprocal disclosure of, *inter alia*, any laboratory test results and expert witness statements that the State or defendants intended to introduce at trial. Furthermore, if after initial compliance the State identified additional discoverable information, the State promptly was to supplement disclosure to defendants and notify the court. The State included a police report in its timely initial answer to discovery.

On July 17, 1997, defendants stated in a discovery answer that they planned to claim innocence and assert the entrapment defense and did not intend to introduce scientific evidence or expert testimony at trial. Also on that date, defendants moved for the disclosure of the laboratory report. The court then ordered discovery to be completed on August 20, 1997. After granting several continuances on motion by both sides, the court set the two jury trials for June 15, 1998.

On June 2, 1998, the State requested leave to supplement discovery after newly assigned counsel realized that copies of the Illinois State Police crime laboratory report dated July 1997 had not been provided to defendants. The record of the June 9, 1998, hearing reveals that Assistant State's Attorney David Franks had been recently assigned the cases and could not account for his predecessor's failure to disclose the evidence.

The trial court denied the State's motion to supplement discovery and its subsequent motion to reconsider the denial. On June 15, 1998, defendants each filed a speedy trial demand (725 ILCS 5/103—5 (West 1996)).

The State timely filed a notice of appeal and an affidavit of impairment stating that the exclusion of the evidence effected *de facto* dismissals. We find that we have jurisdiction pursuant to Supreme Court Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)) in that the effect of the trial court's ruling is to bar the presentation of evidence necessary to prosecute the charges pending against the defendants. We consolidated the causes on appeal.

■ The parties agree that the State's delay in disclosing the evidence was not intentional or motivated by bad faith. Nevertheless, Supreme Court Rule 415(g)(i) authorizes a trial court to impose sanctions for a party's inadvertent failure to follow discovery orders:

"If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, *grant a continuance, exclude such evidence,* or enter such other order as it deems just under the circumstances." (Emphasis added.) 134 Ill. 2d R. 415(g)(i).

The State acknowledges on appeal that the imposition of a sanction for the year-long violation was appropriate. However, the State contends that the trial court erred when it imposed the harsh sanction of excluding evidence because a continuance would have sufficiently protected defendants from surprise and prejudice.

The trial court is allowed to exercise its discretion when selecting a Rule 415(g)(i) sanction, but the abuse of that discretion may constitute reversible error. *People v. Hawkins,* 235 Ill. App. 3d 39, 42 (1992). Although we condemn the discovery order violation, we agree with the State that the exclusion of the evidence was too harsh a sanction and that the trial court's denial of the State's motion to supplement discovery was an abuse of discretion. The goals of discovery are to eliminate surprise and unfairness and to afford an opportunity to investigate. *Hawkins,* 235 Ill. App. 3d at 41. Discovery sanctions are designed to further these goals and to compel compliance rather than to punish. *Hawkins,* 235 Ill. App. 3d at 41.

The appellate record reveals that the trial court selected exclusion as a sanction after concluding that a continuance was inappropriate because it would effectively excuse the State's carelessness. The court remarked that a continuance was "no remedy at all[,] really[,] because

nobody[,] then[,] is held accountable for these actions." We conclude that the trial court improperly chose exclusion for its punitive effect.

■ This court does not favor the exclusion of evidence as a Rule 415(g)(i) sanction because exclusion does not further the goal of truth seeking. *Hawkins*, 235 Ill. App. 3d at 41. The preferred sanction for a pretrial discovery violation is a continuance if it would protect the defendant from surprise and prejudice, and the exclusion of evidence is a last resort to be used only where a continuance would be ineffective. *Hawkins*, 235 Ill. App. 3d at 41.

■ We also believe that the trial court has available another remedy short of exclusion to deal with the flow of information from the law enforcement agencies. Supreme Court Rule 412(g) empowers the court, upon proper request, to issue suitable subpoenas or orders to cause discovery materials to be made available to defense counsel. 134 Ill. 2d R. 412(g).

■ The record on appeal indicates that the trial court incorrectly characterized the prejudice that defendants would suffer if the evidence were admitted. Defendants were not prejudiced by the delay because time was not of the essence: both sides requested several pretrial continuances, and defendants made speedy trial demands only after the evidence was excluded.

After the State correctly argued that defendants would not be prejudiced because they had not been in custody during the period of noncompliance, the trial court responded that whether defendants were incarcerated was irrelevant. The trial court did not address the effect of the delay but merely concluded that the disclosure at trial itself would be prejudicial.

On appeal, defendants also argue that the State's delayed disclosure was prejudicial because it eliminated defendants' opportunity to make informed strategic decisions concerning their defense. Defendants rely on *People v. Eliason*, 117 Ill. App. 3d 683, 693-94 (1983), in which this court granted the defendant a new trial because the prosecution failed to disclose a statement made by the accused. After noting that the defendant's strategy was undermined by the nondisclosure, this court concluded that the defendant should have been given an opportunity *before* trial to address issues surrounding the statement. *Eliason*, 117 Ill. App. 3d at 695. Because the delayed disclosure in *Eliason* came during the trial, the defendant's opportunity to move to suppress the statement or otherwise alter his trial strategy was foreclosed. *Eliason*, 117 Ill. App. 3d at 695.

This court has routinely held that exclusion of evidence is less appropriate where the party discloses the material before rather than during the trial. See *Hawkins*, 235 Ill. App. 3d at 42; *People v. Heinz-*

*mann*, 232 Ill. App. 3d 557, 561 (1992); *Eliason*, 117 Ill. App. 3d at 695. Here, the disclosure came before trial, and it is clear that a continuance would have given defendants an opportunity to alter their trial strategy after reviewing the report, interviewing the experts, and engaging in additional investigation. Furthermore, defendants' July 17, 1997, discovery answer suggested that they did not plan to challenge the validity of the test results. The delay in disclosure would have been more prejudicial if the defense strategy primarily focused on disproving the test results at trial. We conclude that despite the delay, a continuance would provide defendants with an opportunity to modify their defense strategy because the causes have not yet gone to trial.

Rule 415(g)(i) sanctions are also designed to eliminate surprise. *Hawkins*, 235 Ill. App. 3d at 41. Defendants' July 17, 1997, request for the disclosure of the lab report suggests that they knew the report existed. Therefore, the disclosure surprised defendants only to the extent that they were unfamiliar with the report's contents. A continuance could have alleviated this surprise.

We do not condone the State's inattentive oversight, and we understand how the State's carelessness has frustrated the trial court's attempts to manage its docket efficiently. However, we conclude that the trial court abused its discretion when it imposed the harsh sanction of excluding evidence for the State's failure to comply with a discovery order. The preferred sanction of a continuance would have protected defendants from surprise and prejudice and allowed them to alter their defense.

Therefore, we reverse the orders of the trial court excluding the evidence and remand the causes to the circuit court of McHenry County for further proceedings consistent with this order.

Reversed and remanded.

THOMAS, J., concurs.

JUSTICE GEIGER, dissenting:
I respectfully dissent. I do not believe that the trial court abused its discretion in denying the State's request to supplement discovery with the laboratory test report. The trial court's order barring the use of this evidence was the most appropriate sanction given the State's failure to produce the test results until two weeks prior to trial. Not only was this untimely disclosure highly prejudicial to the defendants, but it was also in violation of the trial court's prior discovery order. By reversing the trial court's reasonable exercise of discretion, I believe

that the majority has improperly interfered with the trial court's authority to oversee discovery and to manage its own docket.

As noted by the majority, Supreme Court Rule 415(g)(i) expressly authorizes the trial court to exclude any evidence that is not disclosed in compliance with the rules of discovery or the trial court's orders. 134 Ill. 2d R. 415(g)(i). Although exclusion of evidence may be a drastic measure, Rule 415 nonetheless authorizes the trial court to impose such a sanction and its decision in this regard is entitled to great weight. *People v. Koutsakis*, 255 Ill. App. 3d 306, 312 (1993). Indeed, numerous reviewing courts have upheld the imposition of such a discretionary sanction, even in the absence of bad faith. See *Koutsakis*, 255 Ill. App. 3d at 312-14; *People v. Ebener*, 161 Ill. App. 3d 232, 234-36 (1987); *People v. Eliason*, 117 Ill. App. 3d 683, 693-94 (1983). In these cases, the courts held that such a sanction was appropriate as it was proportional to the magnitude of the discovery violation. See *Koutsakis*, 255 Ill. App. 3d at 314.

I do not believe that the trial court herein erred in finding that such a sanction was appropriate given the magnitude of the State's discovery violation. The State was in possession of the laboratory report for nearly one year prior to its disclosure to the defendants. The State ignored the defendants' requests for production of the report on two separate occasions, as well as the trial court's order compelling completion of all discovery. The defendants were required to prepare their case and defense strategy until the eve of trial without the benefit of the laboratory results.

Moreover, the State did not offer any explanation for the year-long delay in disclosure. As correctly noted by the trial court, the State was in possession of the lab report during this entire time and did not turn it over to the defendants. Under such circumstances, it would not be unreasonable for the trial court to conclude that the State's failure to disclose was intentional and in bad faith. Indeed, the trial court specifically found that the defendants were prejudiced by the late disclosure of this information so near to trial.

The majority faults the trial court for excluding the evidence as a punitive measure. However, the very purpose of sanctions is to impose punishment on the parties for their failure to conform to the rules of discovery. The word "sanctions" means "reprimand" or "[t]hat part of a law which is designed to secure enforcement by imposing a penalty for its violation." Black's Law Dictionary 1203 (5th ed. 1979). Common sense dictates that there will be no incentive for litigants to conform to the rules of discovery and to the trial court's discovery orders if there is no penalty for the failure to do so. This precise concern was noted by the trial court in entering the sanction herein.

I am aware of the numerous courts in this State which have frowned upon the barring of evidence as a sanction when a continuance would protect the defendant from unfair surprise and prejudice. See *Hawkins*, 235 Ill. App. 3d at 41-42; *People v. Jackson*, 48 Ill. App. 3d 769, 771-72 (1977). However, I believe such holdings ignore the plain language of Rule 415(g)(i), which gives the trial court the authority to determine the appropriate remedy for a party's noncompliance with discovery. For the reasons detailed above, I believe that the sanction entered herein was proportionate to the magnitude of the State's discovery violation. See *Koutsakis*, 255 Ill. App. 3d at 313-14 (appropriate sanction for failure to produce requested audiotapes was to preclude officers from testifying concerning matters contained in the tape). I agree with the trial court that a continuance would be no remedy as it would not hold the State accountable for its actions. For all of these reasons, I would affirm the trial court's ruling barring the evidence.