THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH BAGLEY, Defendant-Appellant.

Second District    No. 2—01—1104

Opinion filed May 5, 2003

Peter M. Tumminaro, of Law Offices of Peter M. Tumminaro, Ltd., of Roselle, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Kristine A. Karlin, of Mt. Prospect, for the People.

JUSTICE CALLUM delivered the opinion of the court:

The State charged defendant, Joseph Bagley, with driving under the influence of alcohol (625 ILCS 5/11—501(a)(1), (a)(2) (West Supp. 1999)). After the jury was sworn but before the first witness was called, the State located a videotape of defendant's arrest that was believed to be lost. The trial court *sua sponte* declared a mistrial and scheduled a new trial. Defendant appeals from the denial of his motion to dismiss on double jeopardy grounds. We affirm.

The State commenced the prosecution on November 22, 1999. On April 19, 2000, defendant sought a dismissal or alternatively some other discovery sanction because the State failed to turn over a videotape of defendant's arrest. During the June 19, 2000, hearing on defendant's motion, the State informed the court that it was unable to locate the tape. Judge Mehling barred the State from presenting testimony about the events appearing on the video. On December 14, 2000, Judge Mehling granted the State's motion to reconsider and ordered as a sanction that the jury would be informed that the police department lost the videotape and that the arresting officers' testimony "should be judged with caution and suspicion." On the same date, the cause was reassigned to Judge Mitton.

On July 11, 2001, a six-person jury was selected and sworn. Shortly thereafter, but before the first witness was called, the State informed the trial court that it located the videotape. Outside the jury's pres-

ence, the assistant State's Attorney explained that the arresting officer had the tape during the hearing on the petition to rescind the summary suspension of defendant's driving privileges. After the hearing, the officer locked the tape in his filing cabinet. Prosecutors attempting to locate the tape went to the police department evidence technician, who reported that the tape was not in the evidence room. The State was unaware of the tape's location until the officer arrived in court to testify during the trial.

Defense counsel stated that "viewing the videotape at this time sort of throws a total wrench in the works for me. This sort of situation would be deserving of a mistrial ***." Accordingly, defense counsel asked the court to exclude the tape, leave Judge Mehling's ruling intact, and proceed with the trial. The State responded that it did not act in bad faith and asked the court to admit the tape and proceed with the trial. In response to the court's inquiry, defense counsel stated that if the tape were admitted, he would need additional time to prepare.

The trial court stated:

> "There was no order ever barring the evidence. All of these rulings were based on the presumption that the tape was not available. Because this is a truth-seeking process, if the evidence is available and otherwise admissible to impose a sanction barring it because it was presumed to be lost I think is overly harsh.
>
> *** So understanding that it is an unfair surprise at this point, I will declare a mistrial. *** I will reset this matter for trial.
>
> *** [T]o go further and *** bar the video and then tell the jury that it had been destroyed would be a lie."

After dismissing the jury, the trial court asked defense counsel if he wanted a trial date, and counsel responded that he did. The court set an October 9, 2001, trial date.

On July 27, 2001, defendant moved to dismiss. He argued that, because the trial court improperly terminated the trial after the jury was sworn, any further prosecution would violate double jeopardy principles. The trial court denied the motion, and defendant timely appealed. See 188 Ill. 2d R. 604(f).

■ On appeal, defendant argues that there was no manifest necessity for the mistrial and therefore that a second trial would violate double jeopardy principles. The fifth amendment to the United States Constitution states, in relevant part, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., amend. V. The same principles are embodied in the Illinois Constitution. Ill. Const. 1970, art. I, § 10. These provisions are based on the notion that, with all of its resources and power, the State should

not be allowed multiple attempts to convict a person of an alleged offense. *People v. Cooper*, 194 Ill. 2d 419, 429 (2000). The constitutional protection against double jeopardy attaches after the jury is selected and sworn. *People v. Murray*, 306 Ill. App. 3d 280, 283 (1999).

■ The trial court declared a mistrial *sua sponte*. Where a court acting without the defendant's consent declares a mistrial, the court necessarily deprives the defendant of his valued right to have a particular jury decide his fate. *People v. Street*, 316 Ill. App. 3d 205, 211 (2000). This does not necessarily preclude a second trial, however. When the court declares a mistrial without the defendant's consent, the State should be allowed to retry the defendant only if there was a manifest necessity for declaring the mistrial. *Street*, 316 Ill. App. 3d at 211.

■ These principles have been codified. "A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution *** [w]as terminated improperly after the jury was impaneled and sworn ***." 720 ILCS 5/3—4(a)(3) (West 2000).

The State's first response is that defendant can be retried because he impliedly consented to the mistrial. We disagree. A defendant who requests or consents to a mistrial is presumed to have deliberately elected to forego a determination of guilt or innocence before the jury seated at that time. *People v. Tate*, 317 Ill. App. 3d 272, 279 (2000). Here, defense counsel never formally requested a mistrial and instead asked the trial court to exclude the videotape and allow the trial to continue. The cases the State cites are distinguishable because the defendants in those cases did not insist on continuing the trial. In *People v. Roche*, 258 Ill. App. 3d 194, 199-200 (1994), defense counsel objected to comments the trial court made in front of the jury and moved for a mistrial. The trial court declared a mistrial the following day. In *People v. Camden*, 115 Ill. 2d 369 (1987), defense counsel never expressed a position after a juror informed the court that he did not think he could be impartial. The reviewing court stressed that defense counsel could have objected at this point but did not. *Camden*, 115 Ill. 2d at 377-78. When the trial court declared a mistrial *sua sponte*, defense counsel again failed to object and simply thanked the jury. The reviewing court held that this course of conduct amounted to acquiescence in the result. *Camden*, 115 Ill. 2d at 378-79.

Although defense counsel's statements that the situation was deserving of a mistrial and that he would need additional time to prepare if the tape were admitted were probably factors the court considered before declaring the mistrial, defendant never advocated or acquiesced in that result. Also, it is not significant that defense counsel

did not object after the court declared a mistrial but instead agreed to a new trial date. Because defense counsel forcefully argued his position before the court ruled, his failure to object afterwards cannot be construed as acquiescence. Thus, we are unable to conclude that defendant impliedly consented to the mistrial.

The State responds alternatively that the mistrial was proper. The manifest necessity standard is a command to the trial court not to foreclose the defendant's right to have a particular tribunal decide his fate until a scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by continuing the proceedings. *Street*, 316 Ill. App. 3d at 211. The trial court must carefully consider all of the circumstances and any reasonable alternatives to declaring a mistrial. *People v. Pondexter*, 214 Ill. App. 3d 79, 83 (1991). Whether to declare a mistrial is a matter within the sound discretion of the trial court, and double jeopardy concerns do not arise unless that discretion is abused. *People v. Barfield*, 288 Ill. App. 3d 578, 584 (1997).

■ Here, the State failed to produce essential discovery material until the start of the trial. Defendant urged that the material be excluded and that the trial continue. If a party fails to comply with a discovery rule or order, "the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other order as it deems just under the circumstances." 134 Ill. 2d R. 415(g)(i); see also *People v. Menssen*, 263 Ill. App. 3d 946, 950 (1994) (although supreme court rules do not provide the basis for discovery sanctions in misdemeanor cases, court has inherent power to enforce its orders).

The exclusion of evidence is not a favored discovery sanction because it does not further the goal of truth seeking. *People v. Rubino*, 305 Ill. App. 3d 85, 88 (1999). The preferred sanction is a continuance if it would protect the defendant from surprise and prejudice. *Rubino*, 305 Ill. App. 3d at 88. Excluding evidence is limited to the most extreme discovery violations. *People v. Damico*, 309 Ill. App. 3d 203, 212 (1999).

■ The trial court was faced with a difficult situation. Although the delayed production of the tape probably was due in part to the State's negligence, there is nothing indicating that the State acted in bad faith. Accordingly, excluding the tape would have been a harsh sanction and would not have furthered the truth-seeking process.

On the other hand, a short continuance was not requested by defense counsel and probably would not have protected defendant from surprise or prejudice. As defense counsel stated, the late production of the tape "throws a total wrench in the works" for the defense.

It is for this reason that *Pondexter* is distinguishable. In *Pondexter*, the trial court *sua sponte* declared a mistrial when the defendant failed to disclose until the middle of the trial an occurrence witness who would have corroborated the defendant's self-defense theory. The reviewing court held that there was no manifest necessity to declare a mistrial. It reasoned that the State was aware of the defendant's intention to claim self-defense and therefore probably would not have conducted its prosecution differently had it known about the witness before the trial. *Pondexter*, 214 Ill. App. 3d at 86. Here, as defense counsel had viewed the tape and stated that it "throws a total wrench in the works" without requesting a continuance and at the same time claiming that he would need additional time to prepare, it is apparent that a short continuance most likely was not a viable alternative as the tape would significantly affect counsel's strategy and his time to prepare for trial.

Defendant's right to have his trial completed by a particular tribunal must be balanced against the public's interest in fair trials designed to end in just judgments. *Pondexter*, 214 Ill. App. 3d at 83. The trial court struck the proper balance between these competing interests, and, accordingly, we cannot say that the court abused its discretion. Because the trial court did not abuse its discretion in declaring a mistrial, double jeopardy principles do not bar a retrial.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

HUTCHINSON, P.J., and McLAREN, J., concur.