**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 200321-U

Order filed October 19, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0321 Circuit No. 08-CF-1050 |
| | ) | |
| LEVERSUS A. MABRY, | ) ) | Honorable Albert L. Purham Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Albrecht and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*: Double jeopardy barred retrial of defendant because there was no manifest necessity for a mistrial.

¶ 2     Defendant, Leversus A. Mabry, appeals his conviction of aggravated battery with a firearm at the end of a fifth trial. Defendant argues that the mistrial declaration[1] that ended his fourth trial was error by the Peoria County Circuit Court because it violated his constitutional protection against double jeopardy by: (1) declaring a mistrial over his objection and without manifest necessity, based on his brief reference to prior proceedings during his opening statement at that trial; (2) failing, in doing so, to consider any alternatives to mistrial or otherwise engage in the exercise of its discretion; (3) denying his motion to dismiss, on double jeopardy grounds, all charges pending against him, and (4) allowing him to be tried a fifth time and convicted of charges barred by double jeopardy. We reverse.

¶ 3                                    I. BACKGROUND

¶ 4     In 2008, a grand jury indicted defendant for aggravated battery with a firearm (720 ILCS 5/12-4.2(a)(1) (West 2008)) and unlawful possession of a weapon by a felon (*id.* § 24-1.1(a)). The aggravated battery charge alleged that defendant "knowingly and without legal justification caused an injury to Jerome Ashford by means of the discharging of a firearm in that he shot *** Ashford with a handgun." The court appointed counsel. The matter proceeded to a jury trial.

¶ 5     At the conclusion of the trial, the jury failed to reach a unanimous verdict. The court granted defendant's motion for a mistrial. After a second trial, the jury again failed to reach a unanimous verdict. The court gave a *Prim* instruction over defense counsel's objection. The jury then found defendant guilty. On appeal, we determined that the court erred in failing to grant a mistrial based on prejudicial witness testimony. *People v. Mabry*, No. 3-10-0042 (2011)

---

[1] This is not a final and appealable order, making this subsequent trial defendant's first opportunity to appeal the mistrial. *Conover v Smith*, 20 Ill. App. 3d 258, 269 (1974) (holding that "an order declaring a mistrial is not a final and appealable order").

(unpublished order under Illinois Supreme Court Rule 23). After a third jury trial, defendant was found guilty of both charges. On appeal, we found that defendant received ineffective assistance of counsel and remanded for a new trial. *People v. Mabry*, 2016 IL App (3d) 140039-U, ¶ 27.

¶ 6 At the fourth trial, defendant proceeded as a self-represented litigant. The court instructed the jury that "[a]n opening statement is not evidence and should not be considered by you as evidence." During opening statements, defendant stated "what you will—this is the fourth proceedings in this case, in this trial here. The fourth one, and you're going to hear evidence today that—." The State objected and the following discussion occurred outside the presence of the jury. The State requested a mistrial, arguing that defendant prejudiced the jury by indicating that there had been previous trials. When asked by the court whether he would like to respond, defendant argued:

> "The jury is going to hear there was four proceedings anyway because of the impeachment evidence. I did not say fourth trial. I only said fourth proceedings. I said fourth proceedings. I feel like they're going to hear it. This is the fourth trial.
>
> It works either way. They can say, well, he kept having a trial, having trial. It works both ways. It just don't work your way against you. It works against me too, and what I was fitting to get to was—I didn't do anything wrong. I object to that, [Y]our Honor."

The following is the balance of the discussion in its entirety:

> "THE COURT: All right. Well, I'm going to grant the State's request for a mistrial. So that the record is clear—
>
> THE DEFENDANT: Your Honor.

THE COURT: Don't interrupt me, [defendant]. I let you make your argument, so don't interrupt me.

THE DEFENDANT: I asked you was it fine to make the argument. I asked you was it fine to say fourth proceedings.

THE COURT: No, you didn't.

THE DEFENDANT: I asked you. Because I was going to say trials, but I wasn't sure if that was the proper word to use because in the last proceedings the judge told us not to use trial. They said they didn't want to use trials because it was going to prejudice me.

THE COURT: [Defendant], it prejudices both of you.

THE DEFENDANT: Okay. Well, I'm fine with the prejudice. I can deal with it on appeal.

THE COURT: Well, but the State is not. So I'm going to grant the request for a mistrial, and we're going to have to start over again."

The court also instructed defendant to seek leave to file any further motions.

¶ 7    Thereafter defendant attempted to foreclose, on double jeopardy grounds, a fifth trial. He filed a "motion for leave to file motion to dismiss for former effects of prosecution," wherein he argued "the court erred in granting the State's motion for a mistrial over the defendant's objection." Additionally, defendant filed a "motion to dismiss for former effects of prosecution." Defendant alleged that he conversed with the court and State prior to trial about the use of the word "trial." Defendant further alleged that the State requested the term "proceedings" be used. Defendant argued that the court erred in granting the State's motion for a mistrial because his use

4

of "fourth proceedings" did not rise to the level of manifest necessity. Additionally, defendant argued that double jeopardy prohibited a fifth trial. The court denied the motion.

¶ 8    Prior to the fifth trial, the State dismissed the charge of unlawful possession of a weapon by a felon. When that trial began, defendant again proceeded as a self-represented litigant. During his cross-examination of Ashford, defendant mistakenly referenced the "second trial proceedings." The following conversation then took place outside the presence of the jury:

"THE COURT: You said the second trial proceeding, which you—

THE DEFENDANT: Oh.

THE COURT:—you were not supposed to do. And it appears to the Court that you're so bent up on cross-examining with the transcript of the prior proceeding, that you keep talking about other proceedings, that you're going to cause a mistrial. I'm about ready to call a mistrial, which you don't want to happen.

THE DEFENDANT: No, No. I wasn't even aware I said it, so I apologize to the Court. And I'm sure probably between me and Mr. Ashford arguing over trying to get to this little simple point, the jury's probably got that misconstrued up in all the argument. So they may not even have heard it, [Y]our Honor.

THE COURT: Well, they heard it because I did.

THE DEFENDANT: Oh, I'm sorry. I didn't even know I said it."

The trial proceeded and the jury found defendant guilty of aggravated battery with a firearm.

¶ 9    Defendant filed a motion for new trial in which he argued the court had erred in granting the State's motion for a mistrial in his fourth trial and denying his subsequent motion to dismiss

the charges against him on double jeopardy grounds. The court denied the motion and sentenced defendant to 36 years' imprisonment. Defendant appeals.

¶ 10                                    II. ANALYSIS

¶ 11       Defendant argues that the court erred in denying his motion to dismiss the pending charges on double jeopardy grounds where it declared a mistrial based on his brief reference to prior proceedings in his opening statement and failed to consider alternatives.

¶ 12       The fifth amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., amend. V. The Illinois Constitution also prohibits placing persons in double jeopardy. Ill. Const. 1970, art. I, § 10 ("No person shall *** be twice put in jeopardy for the same offense."). Jeopardy attaches when the jury is empaneled and sworn (*People v. Bellmyer*, 199 Ill. 2d 529, 538 (2002)), because defendants are entitled to have their trials completed by the particular tribunal selected (*Arizona v. Washington*, 434 U.S. 497, 503 (1978)). "A second trial 'increases the financial and emotional burden on the accused, prolongs the period in which he *** is stigmatized by an unresolved accusation of wrongdoing, and may even enhance the risk that an innocent defendant may be convicted.' " *People v. Shoevlin*, 2019 IL App (3d) 170258, ¶ 25 (quoting *Washington*, 434 U.S. at 503-04). "As such, the State is generally entitled to only one opportunity to prosecute a defendant." *Id.*

¶ 13       The constitutional right at issue belongs to the defendant and his request for a mistrial constitutes a waiver of the right. When, however, the circuit court declares a mistrial without defendant's request, double jeopardy bars the retrial of defendant unless there was a manifest necessity for the mistrial. *People v. Pondexter*, 214 Ill. App. 3d 79, 83 (1991). "The manifest necessity standard is a command to the trial court not to foreclose the defendant's right to have a

6

particular tribunal decide his fate until a scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by continuing the proceedings." *People v. Dahlberg*, 355 Ill. App. 3d 308, 314 (2005); see also *People v. Segoviano*, 189 Ill. 2d 228, 241 (2000). "The question concerning whether manifest necessity warranted a mistrial is determined by the facts of each case." *Dahlberg*, 355 Ill. App. 3d at 315. "Whether to declare a mistrial is a matter within the sound discretion of the trial court, and double jeopardy concerns do not arise unless that discretion is abused." *Id.*

¶ 14        In determining whether manifest necessity warranted a mistrial, a reviewing court may consider a wide variety of factors, including:

> "(1) whether the difficulty was the product of the actions of the prosecutor, defense counsel, or trial judge, or was events over which the participants lacked control; (2) whether the difficulty could have been intentionally created or manipulated by the prosecution to strengthen its case; (3) whether the difficulty, prejudice, or other legal complication might have been 'cured' by another alternative that would have preserved the trial's fairness; (4) whether the trial judge actually considered the alternatives to a mistrial; (5) whether a subsequent conviction would be subject to reversal on appeal; (6) whether the trial judge acted in the heat of the trial confrontation; (7) whether the trial judge's decision rested on an evaluation of the demeanor of the participants, the 'atmosphere' of the trial, or any other factors that similarly are not amenable to strict appellate review; (8) whether the trial judge granted the mistrial solely for the purpose of protecting the defendant against possible prejudice; (9) whether the evidence the State presented, prior to the mistrial, suggested a weakness in its case (*e.g.*, a

7

witness failed to testify as anticipated); (10) whether the jurors had heard enough of the case to formulate some tentative opinions; (11) whether the case had proceeded so far as to give the prosecution a substantial preview of the defense's tactics and evidence; and (12) whether the composition of the jury was unusual." *People v. Street*, 316 Ill. App. 3d 205, 211-12 (2000).

¶ 15      It is our obligation on review to ensure that the circuit court exercised " 'sound discretion' " in declaring a mistrial. *Washington*, 434 U.S. at 514. It is of the utmost importance that a circuit court carefully considers all reasonable alternatives prior to declaring a mistrial. *People v. Bagley*, 338 Ill. App. 3d 978, 982 (2003); *Brady v. Samaha*, 667 F.2d 224, 229 (1st Cir. 1981). "Whether the trial judge gave counsel an opportunity to be heard regarding a mistrial is of major importance, as is 'the amount of time devoted to the mistrial decision.' " *Dahlberg*, 355 Ill. App. 3d at 315 (quoting *Brady*, 667 F.2d at 229). "A hasty decision, reflected by a rapid sequence of events culminating in a declaration of a mistrial, tends to indicate insufficient concern for the defendant's constitutional rights." *Id.*

¶ 16      In the instant case the State sought a mistrial in defendant's fourth trial based on his allegedly improper reference to the prior "proceedings" during his opening statement. The challenged language, which formed the sole basis for the declaration of mistrial, was: "what you will—this is the fourth proceedings in this case, in this trial here. The fourth one, and you're going to hear evidence today that--."  It is not clear to us what that statement says or means. It certainly does not compel, or even strongly support, a conclusion that this is defendant's fourth trial; at most it indicates that there have been four prior proceedings of some sort "in this case, in this trial." The very ambiguity of the defendant's words provides a significant opportunity for the court to fashion a corrective explanation for the jury and allow the trial to proceed. But the court

8

neither considered nor attempted such an option. The State asked for a mistrial, the defendant raised multiple objections, and the court simply granted the request.

¶ 17    The fact that the offending statement was made during defendant's opening statement to the jury presented another opportunity for the court to take corrective action and avoid declaring the mistrial. Generally, a court's instructions at the start of trial and at its conclusion, that opening statements are not evidence are sufficient to cure improper remarks during opening statements. *People v. Risper*, 2015 IL App (1st) 130993, ¶ 29; see *People v. Peeples*, 155 Ill. 2d 422, 482 (1993) (prosecutor's reference to defendant as a " 'human predator' " in opening statements was error but was cured by the circuit court twice instructing jurors that opening statements were not evidence); see also *People v. Kliner*, 185 Ill. 2d 81, 127 (1998) (prosecutor erred in opening statements by telling the jury that defendant purchased certain firearms when the State did not introduce such evidence and "should have known" he would be barred from doing so, but the error was not prejudicial where the court twice instructed the jury that opening statements were not evidence). Here, despite knowing these instructions would be given to the jury and giving no consideration apparent in the record to options for giving them and admonishing the jury and the *pro se* defendant, the court granted the State's request for a mistrial. See *People v. Arroyo*, 339 Ill. App. 3d 137, 150-52 (2003) (prosecutor's improper remarks during opening statements were not prejudicial because the court sustained an objection, admonished the jury, and admonished the prosecutor). Moreover, as previously noted, defendant's remarks were not substantially prejudicial such that they would warrant a reversal on appeal. *People v. Williams*, 192 Ill. 2d 548, 573 (2000); see *Arroyo*, 339 Ill. App. 3d at 150-52; *Peeples*, 155 Ill. 2d at 482; *Kliner*, 185 Ill. 2d at 127-28. The record shows that the court hastily granted the State's motion after hearing only brief arguments from the parties, and without any

consideration for defendant's constitutional rights or of alternative methods to cure any error. See *Shoevlin*, 2019 IL App (3d) 170258, ¶ 29 (court hastily granted mistrial after allowing only brief argument, recessing for five minutes, and rejecting alternative remedies).

¶ 18 We find no evidence in the record that the trial court undertook *any* exercise of discretion before declaring the mistrial, even though it had multiple options available for its consideration. One, in addition to those previously mentioned, was the crafting of a statement to be included with its general description of the case for the jury that would advise them that this was not defendant's first trial on these charges, but that that fact had no relevance to their duties during this trial.

¶ 19 For all of the foregoing reasons, we find there was no manifest necessity for the mistrial declared in defendant's fourth trial, the denial of defendant's motion to dismiss the charges pending against him following his fourth trial was error; defendant's fifth trial violated his constitutional protection against double jeopardy and his conviction is vacated. Further, double jeopardy principles bar retrial of defendant on both charges. See *Pondexter*, 214 Ill. App. 3d at 83; *Bellmyer*, 199 Ill. 2d at 538.

¶ 20 III. CONCLUSION

¶ 21 The judgment of the circuit court of Peoria County is reversed, defendant's conviction is vacated.

¶ 22 Reversed and vacated.