# Illinois Official Reports

## Appellate Court

---

### *People v. Strobel*, 2014 IL App (1st) 130300

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. THOMAS STROBEL, Defendant-Appellee. |
| District & No. | First District, Second Division<br>Docket No. 1-13-0300 |
| Filed | June 30, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a prosecution for driving under the influence of alcohol where the arresting officer failed to activate the audio portion of the in-squad video camera during the stop and the sobriety tests defendant performed, the trial court's discovery sanction, imposed after the State tendered to defendant the video without any audio, barring the State from presenting any testimony or video regarding the field sobriety tests due to the lack of an audio recording was an abuse of discretion, since there was no indication the State intentionally or inadvertently destroyed any discoverable evidence, everything the State had was given to defendant, and there was no discovery violation warranting the imposition of the sanctions imposed or the exclusion of the evidence requested in defendant's motion *in limine*. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. YW-020-052; the Hon. Noreen M. Daly, Judge, presiding. |
| Judgment | Reversed and remanded. |

| Counsel on Appeal | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Annette Collins, and John E. Nowak, Assistant State's Attorneys, of counsel), for the People. |
| | |
| | Thomas A. Moore, of Palos Hills, for appellee. |
| | |
| | |
| Panel | JUSTICE PIERCE delivered the judgment of the court, with opinion. Presiding Justice Harris and Justice Liu concurred in the judgment and opinion. |

**OPINION**

¶ 1     Defendant Thomas Strobel was arrested and charged with the misdemeanor offenses of driving under the influence of alcohol (625 ILCS 5/11-501(a)(2) (West 2012)) and speeding (625 ILCS 5/11-601(b) (West 2012)). In response to a discovery motion, the State tendered to defendant a squad car video of the arrest of the defendant and his performing field sobriety tests. The video did not contain any audio. The trial court entered a discovery sanction that barred the State from presenting any testimony or video at trial regarding the field sobriety tests due to the lack of a contemporaneous audio recording. The State appeals, contending that the circuit court abused its discretion by imposing the discovery sanction where the State promptly tendered the video that contained no audio of the traffic stop because no audio was ever recorded. We reverse and remand.

¶ 2     On November 1, 2012, Orland Park police officers stopped defendant after observing him driving at a speed of 59 miles per hour in a 45-mile-per-hour zone. The officers' report noted that defendant had glassy/watery eyes, his breath smelled of alcohol, and he stated that he drank two beers. The officers further reported that defendant refused chemical testing to determine the alcohol content in his system, and that he failed the field sobriety tests they administered on the scene.

¶ 3     On December 12, 2012, defendant filed a "Motion *In Limine* and for Discovery Sanctions." In support of his motion, defendant stated that he issued a subpoena to the Orland Park police department requesting all video and audio recordings taken in this case. The squad car video was given to his attorney, but the video did not contain any audio. Defendant requested an order to exclude any testimony, observations, and conversations from the State's witnesses regarding events captured on the in-squad video where police obtained witness statements and evidence against him that was not tendered to the defense. Defendant asserted that the absence of any audio was the "destruction of evidence" of what occurred during the traffic stop, which constitutes a discovery violation. Relying on *People v. Kladis*, 2011 IL 110920, defendant argued that traffic stop videos of an arrest are to be preserved until final disposition of a case and that sanctions against the State barring it from using the officer's testimony and the video evidence may be imposed where video evidence was

destroyed after it was requested. Defendant moved the trial court to enter an order that the video and audio recording is required discovery pursuant to *Kladis*, grant his motion *in limine* to preclude testimony by the State's witnesses as to any matters captured on the video that does not have an audio component, and allow a favorable presumption that any unrecorded audio portions of the video would have been beneficial to him had it been produced.

¶ 4        The State responded that the audio was unavailable because the police officer forgot to activate the audio device in his car when he approached defendant. The State also argued that unlike *Kladis*, which involved a video that existed but was destroyed after the discovery request, the audio portion of the video in this case never existed. Therefore, since no audio was ever recorded, a discovery violation was impossible because there was never an audio recording in the State's possession or control to tender.

¶ 5        On December 21, 2012, the court ruled that, in light of the absence of any audio, there was a discovery violation. The court ruled that it would allow testimony about the traffic stop up to the point of administration of the field sobriety tests and any video up to that point. The court sanctioned the State by not allowing any testimony about the field sobriety tests and by prohibiting the introduction of any video that showed the performance of those tests "because of the importance of the instruction phase" and there was no "tape on that." The trial court explained that "the reason for this introduction of this video and expectation of their use is not only to protect police and aid the state in the prosecution of these matters, but it is also, from this Court's perspective, in many instances it protects the defendants both in terms of what they say and how they do." The State filed a certificate of substantial impairment and timely filed this appeal from the sanction order. Ill. S. Ct. R. 604(a) (eff. July 1, 2006).

¶ 6        The State contends that the trial court abused its discretion when it issued the discovery sanction barring testimony and video of the field sobriety tests. The State argues that no discovery violation occurred because it promptly tendered what it possessed and controlled: the video of the incident that had no audio component.

¶ 7        We review a trial court's decision regarding sanctions for a discovery violation under the abuse of discretion standard of review. *Kladis*, 2011 IL 110920, ¶ 23. The trial court abuses its discretion only in cases where the court's decision is arbitrary, fanciful, or where no reasonable person would take the view adopted by the trial court. *Id.*

¶ 8        Illinois Supreme Court Rules 411 through 417, provide for discovery in criminal cases. The rules apply only to cases in which a defendant may be imprisoned for a felony. Ill. S. Ct. R. 411 (eff. Dec. 9, 2011). However, in *People v. Schmidt*, 56 Ill. 2d 572 (1974), the supreme court provided for limited discovery in misdemeanor cases. The court held that the State must furnish the defendant with a list of witnesses, any confession by the defendant, evidence negating the defendant's guilt, and the results of a Breathalyzer test. *Id.* at 575. The supreme court later observed that the holding in *Schmidt* did not establish a "rigid list which it believes should remain static and not take into account the fundamental changes which have occurred in law and society since that ruling" and expanded discovery in misdemeanor cases to include any relevant videotape made by an in-squad camera of the events leading to the defendant's arrest. *Kladis*, 2011 IL 110920, ¶¶ 26-29.

¶ 9        "The goals of discovery are to eliminate surprise and unfairness and to afford an opportunity to investigate." *People v. Rubino*, 305 Ill. App. 3d 85, 87 (1999). Discovery sanctions are not designed to punish and should be used to further these goals and to compel

compliance. *Id*. However, harsh sanctions, such as the exclusion of evidence, may be warranted where the defendant is denied a full opportunity to prepare his defense and make tactical decisions with the aid of the information that was withheld. *People v. Leon*, 306 Ill. App. 3d 707, 713-14 (1999). When the State fails to comply with a discovery order, the "court may order a variety of sanctions, including discovery of the previously undisclosed statement, a continuance, the exclusion of the evidence *in toto*, or some other remedy it sees fit." *People v. Harper*, 392 Ill. App. 3d 809, 821-22 (2009). The exclusion of evidence is generally not a preferred sanction because it does not further the goal of truth seeking (*People v. Edwards*, 388 Ill. App. 3d 615, 628 (2009)) and is an appropriate sanction only in the most extreme situations and is disfavored (*Harper*, 293 Ill. App. 3d at 821-22 (citing *People v. Walton*, 376 Ill. App. 3d 149, 157 (2007))).

¶ 10    In this case, the trial court resolved the motion *in limine* based on its interpretation of the supreme court decision in *Kladis*. In *Kladis*, the police officer's squad car was equipped with video recording equipment. The defense promptly requested a copy of the video recording of the traffic stop that resulted in the driving under the influence arrest. This timely, prehearing request came before all copies of the video recording were destroyed. As a sanction for the destruction of the relevant video recording evidence, the trial court barred the State from presenting any testimony regarding what was depicted in the video recording. *Kladis*, 2011 IL 110920, ¶ 15. Our supreme court held that the trial court did not abuse its discretion by imposing this sanction based upon the circumstances involving the destruction of the video that admittedly existed at the time the discovery request was made. *Id*. ¶¶ 39, 46.

¶ 11    The record in this case is clear that no audio recording of the police encounter with the defendant ever existed. *Kladis* does not stand as authority for imposing a sanction against the prosecution where the requested discovery material never existed in the first instance. *Kladis* instructs that a non-due-process discovery violation may be found where the State, without bad faith, destroyed relevant evidence after being put on notice of the defendant's request for the evidence. *Id*. ¶ 39. Here, when the police stopped defendant they failed to activate the audio recording function on their squad car video camera. As a result, the State tendered to defendant's attorney everything it possessed and controlled: the video of the traffic stop without an audio component. There is nothing in this record to support any inference or suggestion that the police or the prosecution intentionally or inadvertently destroyed any preexisting discoverable evidence. Therefore, the imposed exclusion sanction punished the prosecution for something that was outside its control and cannot reasonably be viewed as conduct that caused unfairness to the defendant or deprived him of an opportunity to prepare his defense.

¶ 12    Defendant argues that it is possible that an audio portion of the video may have helped defendant's defense. It is equally possible the unrecorded audio had "the potential to banish any hope of exoneration." *People v. Gentry*, 351 Ill. App. 3d 872, 878 (2004). We cannot resolve this question by pondering possibilities. We must consider only that which is certain: there never was an audio recording of the events leading to defendant's field sobriety test. Given the facts of this case, absent a showing that the State lost or destroyed the audio component of the video or the existence of some other factor to justify a discovery sanction, there was an abuse of discretion in barring testimony concerning the field sobriety tests and in prohibiting the introduction of any video that showed the performance of those tests due to the State's failure to produce any recording of any audio that presumably occurred at the time

the video was created. For these reasons, we find no discovery violation that supports the imposition of the sanctions imposed or the exclusion of the evidence requested in defendant's motion *in limine*. See *People v. Hobley*, 159 Ill. 2d 272, 308 (1994) (where the court could not be certain the requested fingerprint report was ever in the possession, control or available to the State, the State was under no obligation to produce the report).

¶ 13 We find that the trial court abused its discretion in granting defendant's motion and barring any testimony about the field sobriety tests and prohibiting the introduction of that part of the video that showed the performance of those tests because of the lack of any audio recording. In reaching this conclusion, we find unpersuasive defendant's argument that the trial court's sanction was reasonable because it was not severe enough. In particular, defendant "prays that this Court expand the sanction of the trial court to include all evidence from the time of the initial interaction of the parties until the end of the video." As the State correctly argues in its reply brief, we have no jurisdiction to expand the scope of the sanctions entered. See *People v. Johnson*, 208 Ill. 2d 118, 138 (2003) ("The reviewing court has no jurisdiction over evidence not suppressed by the trial court and may not entertain arguments by a defendant to suppress evidence which was not suppressed by the trial court in the first instance."). Substantively, his argument is without merit because, as explained above, the State fully complied with this aspect of the discovery request, and thus the circuit court abused its discretion in finding a discovery violation in this regard.

¶ 14 We also find *People v. Ebener*, 161 Ill. App. 3d 232 (1987), and *People v. Taylor*, 54 Ill. App. 3d 454 (1977), relied on by defendant, distinguishable from the case at bar. In both *Ebener* and *Taylor*, the evidence in question was destroyed or consumed during chemical testing. As a result, the trial court in *Ebener* held that a discovery violation occurred and sanctioned the State by preventing it from using the results of the scientific tests at trial. *Ebener*, 161 Ill. App. 3d at 235. This court affirmed the trial court, holding that the sanction was an appropriate remedy. *Id.* at 236-37. In *Taylor*, after the trial court denied the defendant's motion to exclude testimony regarding the chemical testing, he was convicted of delivery of a controlled substance. This court reversed and remanded the matter for a new trial, finding that the defendant "was denied due process of law and the opportunity for meaningful confrontation of the witnesses against him by the State's unnecessary destruction of the allegedly prohibited substance which he allegedly delivered to agents of the State." *Taylor*, 54 Ill. App. 3d at 457. Here, in contrast to *Ebener* and *Taylor*, the State never destroyed any evidence because no audio recording ever existed.

¶ 15 For the foregoing reasons, we reverse the trial court's order imposing sanctions and remand the matter for further proceedings.

¶ 16 Reversed and remanded.