2024 IL App (1st) 231537-U

THIRD DIVISION
March 20, 2024

No. 1-23-1537

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellant, | ) | |
| | ) ) ) | Nos. YK251577, YK251578, YK251579, YK254360, YK254361, and YK254362 |
| v. | ) | |
| ROBERT MOORE, | ) ) | Honorable |
| Defendant-Appellee. | ) ) ) | Kathaleen Lanahan, Judge Presiding. |

_____

PRESIDING JUSTICE REYES delivered the judgment of the court.
Justices Lampkin and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1　　*Held*:　Reversing a circuit court order which barred the State from presenting evidence regarding defendant's breath test results.

¶ 2　　Defendant Robert Moore was arrested and charged with driving while under the influence of alcohol (DUI) and other offenses.  Following the State's failure to produce certification materials relating to the breathalyzer machine (the certification materials)[1] in response to

_____

[1] Breathalyzer machines and other approved evidentiary instruments are required to be periodically checked for accuracy.  *E.g.*, 20 Ill. Admin. Code. 1286.230 (2019).  Also, the instrument operator must be certified, and the methods of administering the tests are regulated by law.  *E.g.*, 625

defendant's discovery requests, the circuit court of Cook County granted his motion for sanctions and barred the admission of "breath evidence" pursuant to section 11-501(a)(1) of the Illinois Vehicle Code (625 ILCS 5/11-501(a)(1) (West 2022)).  After receiving and forwarding the certification materials, the State filed a motion to reconsider, which the circuit court denied. On appeal, the State contends that the circuit court abused its discretion in continuing to sanction the State.  For the reasons discussed below, we reverse the order barring the State from presenting "breath evidence" under section 11-501(a)(1) and remand for further proceedings.

¶ 3                         BACKGROUND

¶ 4      In the early morning hours of June 22, 2022, defendant was arrested by the Oak Lawn Police Department.  Defendant was administered a breathalyzer test at the police station, and he was charged with multiple offenses, including DUI under section 11-501(a)(1) (driving with a blood alcohol concentration (BAC) of 0.08 or more) and section 11-501(a)(2) (driving while "under the influence of alcohol") (625 ILCS 5/11-501(a)(1), 11-501(a)(2) (West 2022)).

¶ 5      The State has represented that on the initial court date of July 8, 2022, it sent a subpoena *duces tecum* to the Oak Lawn Police Department, demanding a copy of all evidence relating to defendant's arrest.  On July 22, 2022, the State provided defense counsel with various documents and recordings, including a sworn report from law enforcement, a traffic accident report, tow reports, breath tickets, squad recordings, and photographs.

¶ 6      After defense counsel indicated that there was outstanding discovery regarding the certification materials, the State repeatedly requested all arrest-related evidence from the police department.  According to the State, the Oak Lawn Police Records Department responded on

_____

ILCS 5/11-501.2 (West 2022).  Upon the request of an individual who submitted to a chemical test at the request of a law enforcement officer, "full information concerning the test" shall be made available to the individual or their attorney.  *Id.* § 11-501.2(a).

December 13, 2022, that the department had submitted all requested materials on July 18, 2022.

¶ 7    In January 2023, defendant filed a motion for discovery sanctions, requesting that the circuit court bar the admission of his breath test result as evidence. During the hearing on the sanctions motion on April 13, 2023, the State represented that the certification materials existed but had not yet been produced. While acknowledging that the currently-assigned assistant State's attorney (ASA) had been "working diligently," the circuit court expressed frustration regarding the delay. The circuit court granted defendant's motion and imposed sanctions against the State, *i.e.*, the circuit court stated that "(a)(1) breath evidence will not be allowed" – relating to the charge of a BAC of 0.08 or more – but "[y]ou have the (a)(2) to go on" – relating to the charge of driving while under the influence of alcohol.

¶ 8    At the time of the hearing on April 13, 2023, the State was unaware that the certification materials had, in fact, already been delivered to its office. The certification materials were tendered to defense counsel shortly thereafter. On May 11, 2023, the State filed a motion to reconsider the grant of discovery sanctions. The State argued that: (a) the need for sanctions no longer existed since the discovery had been tendered; (b) the sanction was "extreme and tantamount to dismissal of the pertinent charge and frustrates the truth-seeking process"; (c) defendant was not prejudiced; and (d) there was no evidence of bad faith by the State.

¶ 9    During a hearing on the reconsideration motion on August 8, 2023, the circuit court again acknowledged the current ASA's diligence but opined that her predecessors and the Oak Lawn Police Department were not diligent. After characterizing the 10-month period to obtain the certification materials as a violation of defendant's due process rights, the circuit court stated that defendant was "put in a precarious situation" of potentially demanding trial prior to having all discovery and then having the State answer ready for trial. The circuit court denied the motion to

reconsider.

¶ 10    The State timely filed a notice of appeal and a certificate of substantial impairment pursuant to Illinois Supreme Court Rule 604(a)(1) (eff. July 1, 2017), which allows the State to appeal in a criminal case where the circuit court's decision results in suppressing evidence which substantially impairs the State's ability to prosecute the case.

¶ 11                                    ANALYSIS

¶ 12    The State argues on appeal that the circuit court abused its discretion in continuing to sanction the State for noncompliance with defendant's discovery request after the certification materials were tendered.  Defendant contends that the circuit court properly imposed a "narrowly tailored" sanction after the State took 10 months to provide the certification materials.

¶ 13    As an initial matter, we observe that defendant's reliance on Illinois Supreme Court Rule 415 is misplaced.  See Ill. S. Ct. R. 415 (eff. Oct. 23, 2020).  Defendant correctly states that Rule 415(g) expressly authorizes the circuit court to impose sanctions for failing to comply with a discovery rule or order, including the exclusion of evidence.  Ill. S. Ct. R. 415(g)(1).  We note, however, that Illinois Supreme Court Rules 411 through 417 – which provide for discovery in criminal cases – only apply in cases wherein the accused is charged with a felony.  Ill. S. Ct. R. 411 (eff. Dec. 9, 2011).  See *People v. Strobel*, 2014 IL App (1st) 130300, ¶ 8; *People v. Menssen*, 263 Ill. App. 3d 946, 950 (1994).

¶ 14    The Illinois Supreme Court has provided for limited discovery in misdemeanor cases, such as this case.  See *Strobel*, 2014 IL App (1st) 130300, ¶ 8.  Among other things, the State must furnish the defendant with a list of witnesses, any evidence negating the defendant's guilt, any confession by the defendant, the results of any breathalyzer test, and any relevant videorecording made by a dashcam of the events leading to the defendant's arrest.  *Id.*

(discussing *People v. Schmidt*, 56 Ill. 2d 572, 575 (1974), and *People v. Kladis*, 2011 IL 110920, ¶¶ 26-29). Although our supreme court rules do not provide a basis for discovery sanctions in a misdemeanor case, the circuit court has the inherent authority to enforce its orders (*Menssen*, 263 Ill. App. 3d at 950) and to ensure that the defendant receives a fair trial (*People v. Stuckey*, 78 Ill. App. 3d 1085, 1090 (1979)).

¶ 15    The proper sanction to be applied for a discovery violation is a decision appropriately left to the discretion of the circuit court. *Kladis*, 2011 IL 110920, ¶ 42. See also *People v. Camp*, 352 Ill. App. 3d 257, 262 (2004) (noting that the circuit court has "broad discretion to impose sanctions that are proportionate to the magnitude of the discovery violation"). We thus review a circuit court's decision regarding sanctions for a discovery violation under an abuse of discretion standard of review. *Strobel*, 2014 IL App (1st) 130300, ¶ 7. "The trial court abuses its discretion where its ruling is arbitrary, fanciful, or unreasonable or no reasonable person would take the view adopted by the trial court." *People v. Moravec*, 2015 IL App (1st) 133869, ¶ 18. Although the circuit court's judgment is given great weight, reversible error may occur where the circuit court abuses that discretion. *People v. Hawkins*, 235 Ill. App. 3d 39, 42 (1992).

¶ 16    In this case, a 10-month period preceded the State's eventual full compliance with defendant's discovery requests. Regardless of whether the State or the police department was the exact source of the delay, "it is the duty of the State to see that there is a proper flow of information between the various branches and personnel of its law enforcement agencies and its legal officers." *Id.* We recognize how the apparent deficiencies in the discovery process in this case may have frustrated the circuit court's efforts to efficiently manage its docket. *People v. Rubino*, 305 Ill. App. 3d 85, 89 (1999). Nevertheless, we find that the circuit court's denial of the motion for reconsideration – after the certification materials were provided to the defense –

appears unreasonable under the circumstances herein.

¶ 17    The goals of discovery are to eliminate unfairness and surprise and to afford an opportunity to investigate. *Strobel*, 2014 IL App (1st) 130300, ¶ 9. See also *In re H.C.*, 2023 IL App (1st) 220881, ¶ 124 (noting that the "purpose of pretrial discovery is to promote fair, efficient, and expeditious proceedings leading to the truth, as opposed to a trial that is nothing more than a battle of wits"). "Discovery sanctions are not designed to punish and should be used to further these goals and to compel compliance." *Strobel*, 2014 IL App (1st) 130300, ¶ 9.

¶ 18    Illinois courts have recognized that "harsh sanctions, such as the exclusion of evidence, may be warranted where the defendant is denied a full opportunity to prepare his defense and make tactical decisions with the aid of the information that was withheld." *Id.* As it does not further the goal of truth seeking, however, the exclusion of evidence generally is not a preferred sanction. *Id.*; *Menssen*, 263 Ill. App. 3d at 950; *Stuckey*, 78 Ill. App. 3d at 1090. "Such a severe sanction is appropriate only where it is necessary to cure any prejudice caused by the discovery violation, or where the offending party's violation is determined to be willful and blatant." *People v. Schlott*, 2015 IL App (3d) 130725, ¶ 25. See also *People v. Anderson*, 80 Ill. App. 3d 1018, 1020 (1980) (stating that the exclusion of evidence as a sanction for noncompliance with discovery in a misdemeanor case "is such a drastic sanction that it should be applied only where there is a flagrant or willful disregard of the court's authority"). This court has referred to the exclusion of evidence as an appropriate sanction "only in the most extreme situations" (*Strobel*, 2014 IL App (1st) 130300, ¶ 9) and as a "last resort" (*Rubino*, 305 Ill. App. 3d at 88).

¶ 19    In this case, defendant was not in custody during the discovery delay. *Id.* (noting that the "State correctly argued that defendants would not be prejudiced because they had not been in custody during the period of noncompliance"). See also *People v. Dewey*, 2023 IL App (3d)

6

220285-U, ¶ 29. But *cf. People v. Leon*, 306 Ill. App. 3d 707, 711 (1999) (affirming the trial court's sanction for a violation of a discovery rule; noting that the "record indicates that defendant had been held in jail on a very high bond for 116 days at the time of the hearing"). Although the circuit court speculated regarding the potential impact of the State's failure to provide complete discovery responses if defendant had answered "ready" for trial, we observe that this case had not actually been set for trial at the time the missing certification materials were provided. As this court has routinely held, the "exclusion of evidence is less appropriate where the party discloses the material before rather than during the trial." *Rubino*, 305 Ill. App. 3d at 89. Given that the missing certification materials were provided, we see no impediment to defendant's ability to fully prepare for trial. *E.g.*, *Schlott*, 2015 IL App (3d) 130725, ¶ 26 (stating that the defendant has the burden of demonstrating surprise or prejudice resulting from a discovery violation); *Hawkins*, 235 Ill. App. 3d at 42-43 (reversing the imposition of the sanction of exclusion of evidence where the defendant's trial had not yet commenced, and he would have the opportunity to prepare his defense with the benefit of the supplemental materials).

¶ 20    We further observe that the circuit court's ruling – banning the introduction of "breath evidence" – effectively precludes the State from prosecuting the DUI charge against defendant under section 11-501(a)(1) of the Illinois Vehicle Code (driving with a BAC of 0.08 or higher). 625 ILCS 5/11-501(a)(1) (West 2022). While we recognize that the State could prosecute defendant for DUI solely under section 11-501(a)(2) (driving while "under the influence of alcohol") (625 ILCS 5/11-501(a)(2) (West 2022)), the practical impact of the circuit court's discovery ruling is essentially the dismissal of a charge. Such sanction appears neither narrowly tailored (*Kladis*, 2011 IL 110920, ¶ 43) nor proportionate to the magnitude of the now-corrected violation (*People v. Koutsakis*, 255 Ill. App. 3d 306, 314 (1993)). Although the circuit court

expressly stated that the discovery sanction in this case was not intended to be punitive, its ruling ultimately had an unduly punitive effect on the State in this matter. See *Dewey*, 2023 IL App (3d) 220285-U, ¶ 32.

¶ 21    For the reasons discussed above, we find that the circuit court's denial of the State's motion to reconsider imposition of a discovery sanction consisting of the exclusion of evidence was unreasonable under the circumstances of this case. We thus conclude that the circuit court abused its discretion in continuing to impose the sanction.

¶ 22                                        CONCLUSION

¶ 23    The judgment of the circuit court of Cook County is reversed and the case is remanded for further proceedings consistent with this order.

¶ 24    Reversed and remanded.