NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 250432-U

NO. 4-25-0432

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 21, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Stephenson County |
| RICHARD TALLEY, | ) | No. 22DT35 |
|     Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | James M. Hauser, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Justices Doherty and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court reversed, finding that the State did not commit a discovery violation where video evidence of defendant's arrest was destroyed prior to defendant's discovery request.

¶ 2    Before trial, defendant, Richard Talley, brought a motion for sanctions against the State, arguing it had committed a discovery violation by unreasonably destroying video evidence in his case. The trial court granted defendant's motion and, as a sanction, prohibited the State from introducing testimony as to anything that may have been contained on the destroyed video recording. The State appealed, arguing (1) it should not be sanctioned for the alleged discovery violation where it did not receive timely notice of discovery, (2) the court's sanctions as to defendant's three offenses other than driving under the influence (DUI) (625 ILCS 5/11-501(a)(4) (West 2022)) should be reversed, (3) the court's order should not apply to status offenses, such as driving while the driver's license was revoked and operating an uninsured motor vehicle, and

(4) the court's sanction order should be reversed where it is void for vagueness.

¶ 3        We find that there was no discovery violation. Accordingly, we reverse.

¶ 4                                I. BACKGROUND

¶ 5        On May 18, 2022, defendant was pulled over and issued traffic citations/complaints for (1) DUI, a Class A misdemeanor (*id.*); (2) driving while his license was revoked, a Class A misdemeanor (*id.* § 6-303(a)); (3) operating an uninsured motor vehicle (*id.* § 3-707(a)); and (4) improper lane usage (*id.* § 11-709(a)).

¶ 6        Defendant's first court appearance was scheduled for June 17, 2022. He failed to appear, and a warrant was issued for his arrest. Over two years later, on July 2, 2024, the warrant was served on defendant.

¶ 7        On August 29, 2024, a public defender was appointed to represent defendant. The same day, the public defender filed a motion for discovery, requesting the State to disclose "any recordings, to include audio and/or video, which depicts any relevant portion of the events comprising the charges in this case."

¶ 8        On March 10, 2025, defense counsel filed a motion for sanctions against the State, arguing that it had unreasonably destroyed video evidence that had exculpatory and impeachment value to the defense. At a hearing on the motion, defense counsel told the trial court that the State had responded to his discovery request by informing him that the Illinois State Police (ISP) had destroyed the recording of defendant's traffic stop pursuant to their video retention policy. A copy of the policy was entered into evidence. Under the policy, recordings must be destroyed after 90 days unless they have been flagged. A video will be flagged where a formal or informal complaint has been filed and where the recorded encounter resulted in a detention or arrest. Once flagged, a recording must be retained for two years or until it no longer has evidentiary value, whichever is

later. Defense counsel argued that the video of defendant's stop was the only nontestimonial evidence available, and it might contain the only evidence that could be used to establish defendant's innocence or impeach the arresting officer.

¶ 9        The State responded with a "public policy argument," noting that the reason the recording no longer existed was due to defendant's failure to come into court for over two years. The State argued that if the trial court were to grant defendant's motion, it would encourage other defendants to avoid court for an extended period of time in the hope that the cases against them would have to be dismissed due to missing evidence. The State argued that such a decision would require law enforcement agencies to "have infinite reservoirs for evidence and just keep everything forever."

¶ 10        Both parties agreed that they did not know when the video was deleted or if it had ever been flagged. They agreed that, after defense counsel filed the discovery motion, the State contacted ISP and was told the video had been destroyed. Defense counsel noted that whether the video was destroyed after 90 days or 2 years, it should not have been destroyed at all under the retention policy.

¶ 11        The trial court found that ISP had violated its retention policy in destroying the video while the case was still pending and the recording still had evidentiary value. It therefore granted the motion for sanctions. Using *People v. Kladis*, 2011 IL 110920, as a guide, the court ordered that the arresting officer was prohibited from testifying to anything that may have been contained on the destroyed video recording.

¶ 12        The State filed a certificate of impairment, stating that the trial court's decision had substantially impaired its ability to prosecute defendant's case.

¶ 13        This appeal followed.

¶ 14                                    II. ANALYSIS

¶ 15            The State argues that the trial court should not have imposed sanctions on it for the destruction of the video where defendant failed to provide notice of his request for the video prior to its destruction. We address only this issue because we find it dispositive.

¶ 16            Initially, we note that defendant, as the appellee, did not file a brief in this matter. In such circumstances, we may decide the appeal on its merits if the record is simple and the claimed errors are "such that the court can easily decide them without the aid of an appellee's brief." *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 17            A discovery violation can be analyzed under either the due process clauses of the United States Constitution (U.S. Const., amends. V, XIV) and Illinois Constitution (Ill. Const. 1970, art. I, § 2) or under Illinois Supreme Court Rule 415(g)(i) (eff. Oct. 23, 2020). *People v. Moore*, 2016 IL App (1st) 133814, ¶ 24. Here, defendant sought sanctions pursuant to Rule 415. This rule allows a court to impose sanctions where "a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto." Ill. S. Ct. R. 415(g)(i) (eff. Oct. 23, 2020). However, the rules of discovery, including Rule 415(g)(i), apply only to cases in which the accused is charged with a felony. Ill. S. Ct. R. 411 (eff. Dec. 9, 2011). In the instant case, the most severe of defendant's citations were for Class A misdemeanors.

¶ 18            In *Kladis*, the supreme court considered the scope of discovery in misdemeanor cases. The defendant in *Kladis* was charged with DUI and filed a notice requesting that the State produce any videos of the defendant while in custody. *Kladis*, 2011 IL 110920, ¶ 3. A month later, following defendant's first court appearance, the State requested the dash cam video of the defendant's arrest from the police department. *Id.* ¶¶ 2, 3. The State was told that, pursuant departmental policy, the videos had been automatically purged hours before the initial court

- 4 -

appearance, some 20 days after the defendant's request. *Id.* ¶¶ 6, 38. The defendant filed a motion for sanctions against the State, which was granted. *Id.* ¶¶ 6, 9.

¶ 19 The State appealed the trial court's sanction as it applied to the defendant's DUI case, arguing that discovery in misdemeanor cases was strictly limited by the supreme court's prior decision in *People v. Schmidt*, 56 Ill. 2d 572 (1974), which did not include video recordings within the list of discoverable items. *Kladis*, 2011 IL 110920, ¶ 23. The *Kladis* court noted that in *Schmidt*, the court held that a limited number of items were discoverable in misdemeanor cases, despite the rules of discovery being inapplicable. *Id.* ¶ 25. The court arrived at this list by "considering relevant decisions, statutes, and custom and practice as it existed" at the time it was decided. *Id.* ¶ 26.

¶ 20 The *Kladis* court rejected the State's argument that *Schmidt* created a "rigid list" that must "remain static and not take into account the fundamental changes which have occurred in law and society since that ruling." *Id.* It concluded, instead, that the list of items created in *Schmidt* was based on the relevancy of the evidence and since the time of *Schmidt*, "video recordings made by in-squad car cameras in misdemeanor DUI cases have become as relevant to the issue of proving or disproving guilty as the materials specifically mentioned in *Schmidt*." *Id.* ¶ 27. It therefore held that, in misdemeanor DUI cases, video recordings of the relevant traffic stop were discoverable. *Id.* ¶ 29. It further found that, because the State had received notice that defendant was requesting the video 25 days before it was destroyed, the State should have taken the appropriate steps to ensure it was preserved. *Id.* ¶ 38.

¶ 21 *Kladis* first informs us that, despite defendant being charged with misdemeanors, the ISP recording of his arrest was subject to discovery. However, *Kladis* also stands for the further proposition that, in order to constitute a discovery violation, a party failing to preserve evidence

must first have been put on notice that the opposing party wanted the evidence preserved. See *id.* The *Kladis* court specifically found that the State committed a discovery violation by failing to preserve a dash cam recording *after the defendant had requested it*. *Id.* It stated, "We therefore agree with the courts below that upon receiving *** notice to produce the video recording five days after defendant was arrested—and 25 days before it was destroyed—the State was placed on notice and should have taken the appropriate steps to ensure that it was preserved." *Id.*; see *People v. Strobel*, 2014 IL App (1st) 130300, ¶ 11 ("*Kladis* instructs that a non-due-process discovery violation may be found where the State, without bad faith, destroyed relevant evidence *after being put on notice of the defendant's request for the evidence*." (Emphasis added.)).

¶ 22   To again summarize the facts in the instant case, defendant was pulled over in May 2022 and received four traffic citations/complaints. He failed to appear for his first court appearance approximately a month after his arrest. Over two years passed before he was able to be served. After being served, he made a discovery request for the video of his arrest. At that time, the State attempted to obtain the video and was told it had been destroyed per ISP policy. It is unknown when the video was destroyed, but it is undisputed that it occurred prior to defendant's motion for discovery. Therefore, the State was not put on notice prior to the video's destruction that defendant wished the video to be preserved. Because of this, we conclude that the State did not commit a discovery violation in failing to preserve the video of defendant's arrest in the absence of any request from defendant to do so.

¶ 23   We emphasize that with this decision, we address only the issue of a discovery violation. As defendant specifically framed the issue this way in the lower court, and did not file a brief on appeal, we do not address the possibility of a due-process claim or what our conclusion would be in that regard.

## III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment.

Reversed.